**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **SKYLINE HOLDINGS GROUP, LLC,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| | **Case No. 2:12-cv-258-DN-PMW** |
| **v.** | |
| **VICTOR VILCHEZ and TENANTS,** | **District Judge David Nuffer** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

District Judge David Nuffer referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Skyline Holdings Group, LLC's ("Skyline") motion to remand.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

## BACKGROUND

This case concerns a home Skyline purchased in Utah through a non-judicial foreclosure sale ("Property"). Defendant Victor Vilchez ("Vilchez") was the owner of the Property prior to

---

[1] *See* docket no. 13.

[2] *See* docket no. 8.

the occurrence of the non-judicial foreclosure sale. According to Skyline, it negotiated with Vilchez to reach an agreement for a date upon which he would vacate the Property. When Vilchez failed to vacate the Property by the agreed-upon date, Skyline initiated this case in state court seeking the eviction of Vilchez from the Property and an award of $1800 in damages.

Tom Smith ("Smith") was not a specifically named defendant in the state court case. However, Smith claims to now be a tenant of the Property. Even though he was not a named defendant to the state court case, Smith somehow effected removal of the case to this court in March 2012, pursuant to 28 U.S.C. §§ 1441 and 1446, based on diversity jurisdiction.

In the notice of removal, Smith asserts that, for purposes of diversity jurisdiction, he is a citizen of Idaho[3] and Skyline is a citizen of Utah. Smith also admits that Vilchez is a citizen of Utah. However, Smith contends that he, not Vilchez, should have been named as the defendant in this case and that Vilchez was "fraudulently joined" as a defendant. Accordingly, Smith claims that Vilchez's Utah citizenship is irrelevant for purposes of diversity jurisdiction. Based on that claim, Smith asserts that there is complete diversity of citizenship in this case because Skyline is a citizen of Utah and he is a citizen of Idaho.

On March 20, 2012, Skyline filed the motion to remand currently before the court. In that motion, Skyline argues that this case is not removable. Skyline asserts that Vilchez, who is a Utah citizen, is a proper party to this case. Given that Smith has admitted that Skyline is also a Utah citizen, Skyline contends that this case is not removable pursuant to 28 U.S.C. § 1441(b)(2).

---

[3] Smith has provided an Idaho address for purposes of this case, but several mailings the court has sent to that address have been returned as undeliverable. *See* docket nos. 14, 21.

2

In addition to requesting that the case be remanded to state court, Skyline requests an award of attorney fees, costs, and sanctions against Smith.

## ANALYSIS

First, the court will address whether 28 U.S.C. § 1441(b)(2) prohibits removal of this case to federal court.  A defendant in a civil case filed in state court may remove the case to federal court if it is a case over which the federal court would have had original jurisdiction, including diversity jurisdiction.  *See* 28 U.S.C. § 1441(a)-(b).  However, 28 U.S.C. § 1441(b)(2) provides that a case otherwise removable under diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  In a removal case, "the parties invoking the federal court's jurisdiction . . . bear the burden of establishing that the requirements for the exercise of diversity jurisdiction are present."  *Martin v. Franklin Captial Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

Pursuant to 28 U.S.C. § 1441(b)(2), Skyline argues that this case is not removable because this case was initiated in Utah and Vilchez is a citizen of Utah.  In response, Smith admits that Vilchez is a citizen of Utah.  However, he argues that Vilchez's citizenship should be disregarded because Vilchez was "fraudulently joined" as a defendant.

The court disagrees with Smith's arguments.  Smith has provided no proof or evidentiary support for the proposition that Vilchez was "fraudulently joined" as a defendant in this case.  To the contrary, in the notice of removal, Smith provides only conclusory allegations to that effect. The court has determined that such conclusory statements are insufficient to satisfy Smith's

3

"burden of establishing that the requirements for the exercise of diversity jurisdiction are present." *Id.*

It appears that Vilchez is indeed a proper party to this case. Because Vilchez is a citizen of Utah and this case was initiated in Utah, the court concludes that 28 U.S.C. § 1441(b)(2) prohibits removal of this case to federal court. *See* 28 U.S.C. § 1441(b)(2); *see also, e.g.*, *Niles v. Cox*, No. 6:11-2153, 2012 U.S. Dist. LEXIS 46250, at *3 (W.D. La. March 29, 2012) ("In cases which are removed based on diversity, it is axiomatic that no defendant may be a citizen of the forum state."); *Donald H. Allen Dev., Inc. v. Univ. View, LLC*, No. 3:12cv257-MHT (WO), 2012 U.S. Dist. LEXIS 39577, at *1 (M.D. Ala. Mar. 23, 2012) ("For purposes of removal pursuant to diversity-of-citizenship jurisdiction, a removing defendant has the burden of showing (1) that the citizenship of each plaintiff is different from that of each defendant and (2) that no defendant is a citizen of the forum state."). Furthermore, because there is not complete diversity in this case, the court lacks subject-matter jurisdiction. *See* 28 U.S.C. § 1332(a). Accordingly, pursuant to 28 U.S.C. § 1447(c), the court concludes that this case must be remanded to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

The court will now address, as an alternative to the foregoing conclusion, another reason why this case is not removable to federal court. This court has previously held that all defendants must consent to removal for the notice of removal to be effective. *See Jarvis v. FHP of Utah*, 874 F. Supp. 1253, 1254-55 (D. Utah 1995). More specifically, the *Jarvis* court stated:

> While the removal statute does not explicitly so state, it is well established that all defendants in a multi-defendant case must join in the petition for removal.  The rule of unanimity, as it is now known, does not require that all of the defendants sign the notice of removal; however, it does require that each defendant officially and unambiguously consent to a removal petition filed by another defendant, within thirty (30) days of receiving the complaint.  The court concludes that, although all defendants need not sign the same notice of removal, each party must independently and unambiguously file notice of their consent and intent to join in the removal within the thirty day period allowed. . . . There is nothing unfair about requiring each defendant to either sign the notice of removal, file its own notice of removal, or file a written consent or written joinder to the original notice of removal.  Such a policy, while insuring the unanimity of removal, does not prevent any defendant from taking full advantage of the removal statute, and it is not a requirement which could be manipulated by plaintiffs to overcome the rights of defendants to remove.

*Id*. (quotations and citations omitted).  " If this requirement is not met, the notice of removal is procedurally defective."  *Swanson v. United States Bank, NA*, 2:10cv01258-DS, 2011 U.S. Dist. LEXIS 45097, at *3 (D. Utah Apr. 26, 2011).

In this case, there is no indication that Vilchez, a named defendant, has independently, officially, and unambiguously consented to Smith's notice of removal.  Consequently, Smith's notice of removal was defective, and the court concludes that this case should be remanded to state court.

For the foregoing alternative reasons, the court concludes that Skyline's motion to remand should be granted.

As a final matter, the court turns to Skyline's request for attorney fees, costs, and sanctions.  Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment

of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  Under all the circumstances presented here, including Smith's status as a pro se litigant, the court concludes that Skyline's request for attorney fees and costs should be denied.  For the same reasons, the court concludes that Skyline's request for an award of sanctions should likewise be denied.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1.      Skyline's motion to remand[4] be **GRANTED**.

2.      Skyline's request for attorney fees, costs, and sanctions be **DENIED**.

* * * * *

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 20th day of April, 2012.

BY THE COURT:

_____

PAUL M. WARNER
United States Magistrate Judge

---

[4]  *See* docket no. 8.

6